FILED

MAR 26 2013

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

PHILLIP M. OLIVER, )
)
Plaintiff, )
)
v. ) No. CIV 12-020-RAW-SPS
)
ANDREW HAYES and )
JUDGE ROBIN ADAIR, )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint, the defendants' motions, and plaintiff's response. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, claiming he suffered constitutional violations during his criminal prosecution in Muskogee County District Court Case No. CRF-2010-536. The defendants are Andrew Hays, his court-appointed defense counsel, and Judge Robin Adair, the district judge who presided over the criminal proceedings.

As an initial matter, plaintiff is requesting relief in the form of monetary damages and new counsel in Case No. CRF-2010-536. The appointment of criminal defense counsel is not available in a civil rights lawsuit under 42 U.S.C. § 1983. Instead, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

Plaintiff alleges in Count 1 of the complaint that Defendant Hays revealed in open court the content of their privileged conversations, placing plaintiff's life in jeopardy and

violating his civil rights. In Count 2 plaintiff claims the two defendants conspired to deny his rights under 18 U.S.C. § 371.

Defendant Judge Adair has filed a motion to dismiss [Docket No. 18], alleging among other things that plaintiff's claims are barred by the Eleventh Amendment and absolute judicial immunity. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official). Therefore, Judge Adair is dismissed in his official capacity.

As for Judge Adair's liability in his individual capacity, "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). See also *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

> [T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). *See also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (quotation and footnote omitted). Here, plaintiff has presented only unsupported and vague allegations against Judge Adair, and the court finds he has failed to overcome the defense of absolute judicial immunity for this defendant.

Defendant Hayes alleges in his motion to dismiss [Docket No. 20] that he was appointed by the Oklahoma Indigent Defense System to represent plaintiff in his criminal proceedings. Court appointed lawyers usually are not considered state actors for section

2

1983 purposes. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). While public defenders are not immune from liability with regard to alleged conspiratorial action with state officials to deprive a criminal defendant of his federal constitutional rights, *see Tower v. Glover*, 467 U.S. 914, 920-21 (1984), the court finds plaintiff's allegations of a conspiracy are vague, unsupported. and conclusory.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this 26th day of March 2013.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**